## Kaleita v. Kaleita (No. 1)

*Albert E. Acker*, for plaintiff.

*George Hardy Rowley*, for defendant.

McKAY, J., August 31, 1964.—There is before the court in the above-entitled replevin action the petition of plaintiff requesting, first, that a decision of a board

of arbiters be entered as a judgment and, second, that defendant be ordered to return to the Sheriff of Mercer County a certain Tappan electrical stove, which is the subject of the action.

With respect to the first request, defendant through his counsel does not object to the petition and an order will be drawn accordingly. The second request is opposed.

Defendant contends that the second request should not be granted, inasmuch as the plaintiff's sole remedy to obtain the stove is by issuing a writ of retorno habendo.

The petition avers, and it is not denied, that defendant placed the stove in storage with the Brock Transfer Company at Warren, Ohio, a city about 30 miles distant from Mercer and 15 miles distant from the Mercer County line. As a result, it is outside of the jurisdiction of the court.

At the time the action in replevin for the stove was commenced, plaintiff furnished a surety bond, which is still in effect. At that time, plaintiff petitioned the court to require defendant to return the stove to Mercer County, pursuant to Pennsylvania Procedural Rule 1081, but we denied the petition on the ground that we were not satisfied that the purpose of defendant in removing the stove from the county was to prevent its recovery in the replevin action.

Prior to the adoption of the Pennsylvania Procedural Rules, the Replevin Act of April 19, 1901, P. L. 88, sec. 7, 12 PS §1841, provided that a plaintiff out of possession might issue a writ in the nature of a writ of retorno habendo, requiring the delivery of the chattel to him.

This section was suspended by Rule 1456 of the Pennsylvania Procedural Rules. Pennsylvania Procedural Rule 3170, which deals with the enforcement of judgments in actions of replevin, provides, inter alia,

"(b) If judgment is entered for a party not in possession, he may obtain possession of the property by a writ of possession."

Rule 3171 provides:

"The procedure for the enforcement of a judgment for possession shall be in accordance with the rules governing the enforcement of judgments for the payment of money with respect to . . .

"(a) Supplementary Relief in Act of Execution—Rule 3118, insofar as applicable."

Accordingly, if the present petition is to be sustained, it must be under Pennsylvania Procedural Rule 3118, which supersedes the Act of 1901. That rule provides in paragraph (a) that,

"The court in which a judgment has been entered may, before or after the issuance of a writ of execution, enter an order against any party or person. . . (5) directing that property of the defendant which has been removed from the county or concealed for the purpose of avoiding execution shall be delivered to the sheriff or made available for execution; and (6) granting such other relief as may be deemed necessary and appropriate."

In our opinion, subparagraph 5, sec. (a), of 3118, does not authorize the granting of the present petition. It obviously does not relate to an execution of a judgment in replevin, for the property which the court may order to be delivered to the sheriff or made available for execution is the property *of the plaintiff*. In addition, while the language of the subparagraph is somewhat ambiguous, in our opinion, the clause, "for the purpose of avoiding execution" relates not only to the word "concealed", but also to the words "removed from the county". As noted above, we have already found that the defendant did not remove the stove from the county for the purpose of preventing its recovery and it has not been removed from the county subsequent

to that original removal; hence, it could not be said that the defendant removed the stove from Mercer County for the purpose of avoiding execution of the judgment in the replevin action.

Subparagraph (6), however, in our opinion, authorizes the order now sought. Plaintiff has obtained a final judgment in the replevin action which establishes that the stove belongs to her. This judgment will be nothing more than a declaratory judgment of no value unless defendant delivers it to the sheriff so that she can repossess it. The repossession of the stove is the object of the proceeding. Defendant has prevented this object from being carried out by having heretofore taken the stove across the State line to the City of Warren and there placing it in storage. Only he can obtain it from the warehouse keeper. It appears to us that an order which will require him to obtain the stove and deliver it to the sheriff so that plaintiff may then issue a writ of possession in execution of her judgment comes clearly within the language, "such other relief as may be deemed necessary and appropriate." This relief is peculiarly necessary and appropriate and the only feasible relief that can effectively enable plaintiff to execute on her judgment.

The petition also asks that the indemnity company on the replevin bond be discharged. In our opinion, this order is also now appropriate.

## ORDER

Now, August 31, 1964, it is hereby ordered and decreed that the decision of the board of arbitration be entered as a final judgment in the above-entitled action and pursuant thereto, that the Tappan electric stove with double oven be and is hereby awarded to Emma E. Kaleita to be her property individually and that Kirsch traverse rods and two kitchen door curtain rods be and are hereby awarded to Anthony E. Kaleita to be his property alone; it is hereby ordered and decreed that

Anthony E. Kaleita deliver to the custody of the Sheriff of Mercer County the said Tappan electric stove with double oven within 30 days of the date of this order, free and clear of all encumbrances or other obligations for storage of the same.

It is further ordered and decreed that The Travelers Indemnity Company, of Hartford, Conn., be and is hereby discharged from any and all obligations further concerning the replevin bond posted in the above-captioned action.